IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| COREY LOUIS HINES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-280 |
| | § | |
| WARDEN, USP BEAUMONT | § | |
| | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Corey Louis Hines, an inmate currently confined at USP Beaumont, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

Petitioner filed this § 2241 petition on June 8, 2021 (doc. # 1). Petitioner states he is challenging an "alleged" federal court order encumbering his entire inmate account without procedural and substantive due process protections. *Id*. Petitioner complains he requested a copy of the court order from the warden's office, the business office and trust fund office, to no avail. *Id*. For relief, Petitioner requests the court order the warden to provide him with a copy of the order and order his funds be reimbursed. *Id*.

On December 10, 2021, Petitioner then filed a Motion for Leave to Amend, briefly listing two claims he sought to add to his § 2241 petition (doc. # 8).[1] The motion was denied, subject to reconsideration, upon receipt of a memorandum of law in support (doc. # 9). Petitioner filed the Memorandum in Support on January 14, 2022 (doc. #10), elaborating on his new claims as follows:

---

[1] Petitioner stated he wanted to add the following two grounds: "discrimination in re of housing and discrimination in re of executive order and programs." *Id*.

Ground One:   Denial of Due Process

On May 28, 2021 prison officials encumbered Hines entire commissary, void of a "court order" solely on the government's request in lieu of a "void ab initio" court ordered restitution! Hines was ordered to pay restitution in a criminal case. *See United States v. Corey Louis Hines*, 472 F.3d 1038 (Dist. E.D. Mo.) at the time the district court imposed the restitution order, it did so void of considering any of the factors enumerated in 18 U.S.C. § 3663 and 3664. The district court never should have issued a order for Hines to pay "immediately" when there was no evidence that he could do so then or in the future.

Amended Ground Two: Discrimination in re of Housing

Since his arrival at U.S.P. Beaumont, Hines had a medical duty status (MDS) for housing on the "first floor" "lower bunk" due in whole to him having "severe persistent vertigo." Yet administrative and custodial staff have negated providing Hines housing, pursuant to his MDS.

Hines has been usurped [sic] to ambulate stairs for at least eight months, due in whole to prison staff usurping [sic] him from cell to cell to accommodate other inmates! Hines has been moved to nine different cells because he was told "the cell belonged to another individual or group of individuals.

Amended Ground Three: Discrimination in re of Executive Order

In 2018, President Trump issued the Fair Sentencing Act (FSA) within the conterminous of this law, it's enumerated that "an inmate shall be housed within 500 vehicle miles of his/her release residence. Yet, officials at U.S.P. Beaumont refuse to adhere to this order! Hines is from St. Louis, MO not Texas.

*Id.* Petitioner attached copies of his administrative remedies. *Id*.

On August 1, 2022, Petitioner filed another Motion to Amend (doc. # 11) which was granted on September 23, 2022 (doc. # 12). In this motion to amend, Petitioner "seeks to have the B.O.P. 'Immediately apply his earned time credits that he's entitled to pursuant to the FSA of 2018 and apply those credits to sentence computation consistent with the FSA of 2018.'" Motion to Amend (doc. # 11). The Government was ordered to show cause on September 23, 2022 (doc. # 13) and filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment on November 28, 2022 (doc. # 15). The Government argues Petitioner failed to exhaust his administrative remedies and, alternatively, his requests are inappropriate for habeas relief with the exception of his FSA ETC eligibility. *Id*.

2

After granting Petitioner an extension, he filed a response to the Motion to Dismiss, or in the alternative, Motion for Summary Judgment on March 24, 2023 (doc. # 23). Petitioner argues he has attempted to exhaust his administrative remedies, but has been "chilled" when denied "receipts to and responses from the Warden." *Id.*

Finally, on June 22, 2023, Petitioner filed another Motion for Leave to Amend with Memorandum in Support (doc. # 29) and a Motion for Prohibitory Injunction (doc. # 30). The Government filed a Response to the Motion for Prohibitory Injunction on July 19, 2023 (doc. # 31). On July 20, 2023, the undersigned denied Petitioner's Motion for Leave to Amend with Memorandum in Support (doc. # 32), noting Petitioner did not add any new claims and simply rehashed the same arguments and theories already asserted. *Id.* The order noted Petitioner's arguments regarding exhaustion were documented in his response filed March 24, 2023 (doc. # 23).[2] The order also admonished Petitioner that no further amendments would be allowed. *Id.*

Standard of Review

*Motion to Dismiss*

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate a case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citation and internal quotation marks omitted). "The district court 'has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir 2010) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). When considering whether subject matter jurisdiction exists, a district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that

---

[2] Petitioner did attach copies of his administrative remedies which this court will consider in the exhaustion analysis below to the extent they are different than those provided in his January 14, 2022, amended complaint.

it has the power to hear the case." *Krim*, 402 F.3 at 494. The party seeking federal court review bears the burden of demonstrating that jurisdiction is proper. *See Stiftung*, 603 F.3d at 297.

*Motion for Summary Judgment*

Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

In making this determination, the court must consider the records as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The court may not weigh the evidence or evaluate the credibility of witnesses. *Id*. Furthermore, affidavits or declarations "must be made on personal knowledge, [shall] set out facts that would be admissible in evidence, and [shall] show that the affiant or declarant is competent to testify to the matters stated." FED. R. CIV. P. 56(c)(4); *see also Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Colotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec., Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this

burden, the nonmoving party cannot rest on the mere allegations of the pleadings. FED. R. CIV. P. 56(c)(1); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

## Analysis

*Inappropriate Requests for Habeas Relief*

A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jackson v. Johnson*, 475 F.3d 261, 263 n. 2 (5th Cir. 2007); *Cook v. TDCJ Transitional Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994). On the other hand, a civil rights action is an appropriate remedy for recovering damages resulting from illegal administrative procedures or the conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). To determine whether a prisoner must pursue habeas corpus relief rather than a civil rights action, the court must consider whether the prisoner challenges the fact or duration of his confinement, or merely the rules, customs, and procedures affecting the conditions of his confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). If "a favorable determination would not automatically entitle [the prisoner] to accelerated release," he may not utilize habeas corpus procedures and must instead vindicate his rights through a properly filed civil rights proceeding. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 1059 (1996)).

Petitioner's claims with respect to trust fund encumbrances and discrimination implicate the conditions of his confinement rather than his conviction or sentence. Because these claims have no effect on the duration of his confinement and success in this proceeding would not entitle Petitioner to accelerated release, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241; *see also Birl v. Thaler*, 470 F. App'x 362, 363 (5th Cir. 2012) (holding that "[p]risoner's claim alleging

5

deprivations of property interest without due process of law are cognizable under § 1983" and that, "in instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims") (not designated for publication). Thus, Petitioner must pursue these claims by filing a *Bivens*-type action.[3]

In this case, it would not further the interests of justice to construe these requests as asserting a claim pursuant to *Bivens*. Allowing Petitioner to prosecute this action based on the payment of the $5.00 filing fee applicable to petitions for writ of habeas corpus instead of the $350.00 filing fee applicable to civil actions would allow Petitioner to circumvent the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915. Accordingly, Petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice. If Petitioner wishes to pursue his claims, he may do so by filing a civil rights action pursuant to *Bivens* and pay the $350 filing fee or request leave to proceed *in forma pauperis*.[4]

*Request for a Transfer & FSA Earned Time Credits*

A district court has the authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In order to satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules . . . ." *Woodford v. Ngo*, 548 U.S 81, 90-91 (2006). As a result, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

---

[3] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[4] The undersigned makes no determination as to the merits of these claims nor as to whether Petitioner properly exhausted them.

The BOP has established a three-tiered administrative remedy procedure for federal prisoners. *See* 28 C.F.R. §§ 542.10—542.19 (2003). Under this system, an inmate may file a formal grievance with the warden if informal resolution is not successful. *See id*. at § 542.13. Once the warden denies an inmate's grievance, the prisoner may appeal to the Regional Director. If dissatisfied with that response, the inmate may pursue a final appeal to the BOP's Office of General Counsel. *See id*. at § 542.15(a). Administrative remedies have not been exhausted until the inmate's claim has been filed and denied at all levels. *See Irwin v. Hawk*, 40 F.3d 347, 349 n. 2 (11th Cir.1994), *cert denied*, 516 U.S. 835 (1995).

Here, the competent summary judgment evidence establishes that Petitioner has submitted no administrative remedy requests regarding his complaint that he is being denied FSA earned time credits. *See* Motion to Dismiss/Motion for Summary Judgment, Exhibit A, Attachments 2 & 3-5 (doc. # 15); Petitioner's Memorandum in Support, Exhibit A-B (doc. # 10); Motion for Leave to Amend with Memorandum in Support, pgs. 1-9 (doc. # 29-1); pgs. 5-15 (doc. # 29-2); pgs. 1- 15 (doc. # 29-3). Petitioner's claim regarding FSA earned time credits should be dismissed for failure to exhaust administrative remedies.

With respect to Petitioner's request for a transfer to another facility within 500 vehicle miles of his residential release area, the competent summary judgment shows Petitioner has made two attempts at exhaustion. With respect to the first attempt, Petitioner failed to file an informal resolution request (BP-8) and/or a request with the warden at the institutional level (BP-9). Instead, Petitioner filed a Request for an Administrative Remedy (BP-10) directly with the BOP South Central Regional Office. *See* Motion to Dismiss/Motion for Summary Judgment, Exhibit A, Attachment 2, pgs. 184-85 (doc. # 15-1); Petitioner's Memorandum in Support, Exhibit B, pgs. 12-17 (doc. # 10). While Petitioner argues the attempt at informal resolution is not required and BOP officials interfered in his ability to properly exhaust as he never received a response to his BP-9 filed at the institutional level, the competent summary judgment evidence shows no such request was ever

actually filed at the institutional level. *Id*.⁵ Furthermore, the competent summary judgment evidence shows Petitioner made no attempt to re-file the request at the institutional level as instructed nor did he attempt to file a BP-11 appealing the rejection. *See* Program Statement 1330.18, Administrative Remedy Program § 542.17 (doc. # 15-1, pgs. 8-15). Petitioner did not properly exhaust his administrative remedies.

Petitioner's second attempt to exhaust his administrative remedies with respect to his transfer claim was filed after he filed this petition for writ of habeas corpus and after he amended his petition to add this claim on January 14, 2022. *See* Motion for Leave to Amend with Memorandum in Support, Exhibits, pgs. 1-9 (doc. # 29-1). It is well known, however, that "pre-filing exhaustion of prison grievance processes is mandatory." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding." *Id*.⁶

*Motion for Prohibitory Injunction*

As outlined above, Petitioner also filed a Motion for Prohibitory Injunction (doc. # 30) to which the Government filed a Response (doc. # 31). Petitioner requests that the court order the BOP to transfer him to a facility within 500 miles of his release residence. As Petitioner's request

---

⁵ There is nothing in the record showing that any request with the warden at the institutional level (BP-9) was ever filed and received by the BOP. Neither the Government nor Petitioner provide any such evidence. Petitioner attached a copy of a Request for Administrative Remedy (BP-9) to his BP-10 appeal that is dated by him on May 16, 2021, with the handwritten notation it was submitted to the Administrative Remedy Coordinator on June 3, 2021. There is no stamp indicating receipt by the BOP at the institutional level. Regardless, the court questions the timeliness of any appeal, assuming the BP-9 could be considered properly filed with the warden. Petitioner had until June 23, 2021 (20 days from the date he filed his BP-9) to appeal, yet did not file his appeal with the South Central Region until August 5, 2021. *See* Program Statement 1330.18, Administrative Remedy Program § 542.15 (doc. # 15-1, pgs. 8-15); *see also* Petitioner's Memorandum in Support, Exhibits, pg. 16 (doc. # 10).

⁶ Petitioner's Informal Resolution Attempt was dated November 18, 2022, with the handwritten notation that it was submitted December 1, 2022. Exhibits, pg. 7 (doc. # 29-1). His Request for Administrative Remedy is dated December 22, 2022, with the handwritten notation that it was submitted January 4, 2023. Exhibits, pg. 6 (doc. # 29-1). There is no indication that either was received at the institution level as reflected in Petitioner's appeal. Exhibits, pg. 5 (doc. # 29-1). Petitioner's second attempt at exhaustion was still improper as he did not file a BP-9, he did not attempt to re-file after the rejection of his BP-10, nor did he file an appeal of the rejection of his BP-10 at the national level.

attempts to alter or change the status quo by forcing a transfer to another facility, the request is appropriately considered a motion for mandatory injunction. *Savage Tavern, Inc. v. Signature Stagg*, L.LC., 589 F. Supp. 3d 624, 639 (N.D. Tex. Mar. 8, 2022).

To obtain a preliminary injunction, Petitioner must show (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to it outweighs the threatened harm to the party it seeks to enjoin; and (4) that granting the preliminary injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009). The party seeking the injunction bears the burden of proof on all four elements. *Id*. at 253. If a party requests a mandatory injunction, the moving party must show "a clear entitlement to the relief under the facts and the law." *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990) (internal citation omitted). "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976). If Petitioner fails to carry the burden on any one of the four elements, the court must deny the motion. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983) (preliminary injunction context).

Here, Petitioner cannot show a substantial likelihood that he will prevail on the merits as he failed to properly exhaust his administrative remedies with respect to his request for a unit transfer. The Motion for Prohibitory Injunction, liberally construed as a Motion for Mandatory Injunction (doc. # 30) should be denied.

Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be denied. Petitioner's Motion for Prohibitory Injunction, liberally construed as a Motion for Mandatory Injunction (doc. # 30) should also be denied.

<u>Objections</u>

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 28th day of July, 2023.

_____
Zack Hawthorn
United States Magistrate Judge